UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dea'Shawn Harrison, ) | C/A No. 9:24-cv-04927-RMG-MHC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Randy Demory, *Director of Hill-Finklea Detention Center*, ) ) | |
| ) | |
| Defendant. ) | |
| ) | |

This a civil action filed by Plaintiff Dea'Shawn Harrison, a pretrial detainee who is proceeding pro se. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In an Order dated October 30, 2024, Plaintiff was notified of pleading deficiencies and given the opportunity to file an amended complaint. ECF No. 5. Plaintiff has not filed an amended complaint.

## I.     BACKGROUND

At the time Plaintiff filed this action, he was a pretrial detainee at the Hill-Finklea Detention Center (HFDC).[1] He alleges claims against Defendant Randy Demory, the Director of the HFDC. Plaintiff states that he brings claims under 42 U.S.C. § 1983 (§ 1983) for alleged violations of his Eighth, Thirteenth, and Fourteenth Amendment rights. He also is attempting to bring claims under 18 U.S.C. §§ 241, 242, 1583, and 1593A, as well as for an alleged "violation of common laws

---

[1] On December 13, 2024, an order issued in another one of Plaintiff's cases was returned from the HFDC indicating that Plaintiff had been "released." *See Harrison v. Gunnells*, No. 9:23-cv-00584-RMG-MHC (D.S.C.). However, the Order issued in this case has not been returned to the Court and Plaintiff has submitted no change of address.

Uniform Commercial Code § 1-308[.]" Additionally, Plaintiff states that he brings claims under the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 to 15-78-220. ECF No. 1 at 4.

Plaintiff asserts that the alleged incidents occurred at the HFDC from April 2023 to August 2024. His statement of the facts underlying his claim is that:

> I have been victim to peonage and have been deprived of my constitutional rights as well as suffered from assaults from staff and detainees while the above named Defendant profits from my illegal and unlawful detention; making me subject to perform an oral and verbal agreement that I did not enter into with my exclusive reservation of rights not to be compelled to perform.

ECF No. 1 at 5-6 (errors in original). As relief, Plaintiff requests "temporary and permanent injunction relief[2] as well as $500 (five hundred dollars) per day abinitio (from the beggining)[.]" *Id.* at 6 (errors in original).

## II.     STANDARD OF REVIEW

A *pro se* Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

---

[2] Plaintiff has not stated what injunctive relief he is seeking. To the extent he is no longer detained at the HFHC, any claims for injunctive and/or declaratory relief are moot. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007) (explaining that "the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief"); *see also Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (finding prisoner's Eighth Amendment claims for injunctive and declaratory relief moot based on transfer); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief).

*King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### III.     DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.     Failure to State a Claim

Although Plaintiff lists Defendant's name in the caption of his Complaint, his pleadings fail to provide any specific facts to support a claim that Defendant violated his federal constitutional or statutory rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Here, Plaintiff merely alleges that Defendant profits from his detention. Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion").

Additionally, to the extent Plaintiff may be attempting to bring a claim against Defendant based on a theory of supervisory liability, such a claim is subject to summary dismissal. To state a § 1983 claim for supervisory liability, a plaintiff must allege:

> (1) that the supervisor had actual or constructive knowledge that [his or her] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Here, Plaintiff has not alleged any facts to establish supervisory liability as to Defendant.

B.    Fourteenth Amendment Claims

Plaintiff generally alleges that he suffered from assaults from staff and detainees. He appears to be attempting to assert claims under the Fourteenth Amendment.[3] However, he fails to state any facts as to the named Defendant's involvement in the alleged actions.

Moreover, although Plaintiff generally alleges that he suffered from assaults from staff, he has not alleged any facts as to any assault. He has not alleged who assaulted him, when or where the assaults allegedly occurred, or if there was any resulting injury. The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (internal quotation marks and citation omitted). To state an excessive force claim, a pretrial detainee must plausibly allege that the force "purposely or knowingly used against him was objectively unreasonable." *Id.* The standard is "solely an objective one." *Id.* In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what

---

[3] As noted above, Plaintiff also alleges that his Eighth Amendment rights were violated. However, to the extent Plaintiff may be attempting to assert an Eighth Amendment cruel and unusual punishment claim, a pretrial detainee cannot be subject to any form of "punishment," such that the Eighth Amendment does not apply and instead any claims are considered under the Fourteenth Amendment. *See Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021).

the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Plaintiff's vague and conclusory allegations fail to allege that the named Defendant (or any other "staff") used objectively unreasonable force. Indeed, the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff also generally alleges that he suffered assaults from detainees. However, he has not alleged any facts to indicate that Defendant exposed him "to an objectively substantial risk of harm." *Carmona v. Martin*, No. 23-6930, 2024 WL 4490695, at *2 (4th Cir. Oct. 15, 2024) (citing *Younger v. Crowder*, 79 F.4th 373, 382 (4th Cir. 2023)).[4]

C.    Thirteenth Amendment Claims

Plaintiff generally alleges that his Thirteenth Amendment rights were violated. The Thirteenth Amendment declares that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the parties shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1. Plaintiff has simply failed to provide any facts to indicate that he has been subjected to slavery or involuntary servitude. Thus, any Thirteenth Amendment claim should be summarily dismissed.

D.    Claims under the Uniform Commercial Code

Plaintiff may be attempting to assert claims under § 1-308 of the Uniform Commercial Code (UCC). However, he has alleged no facts to indicate that the UCC is applicable to his case.

---

[4] In *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023), the Fourth Circuit held that the Supreme Court's decision in *Kingsley* abrogated Fourth Circuit precedent requiring the application of the subjective element of the Eighth Amendment test to a pretrial detainee's deliberate indifference claim under the Fourteenth Amendment.

UCC 1-308 was "intended to enable a party in a commercial transaction to accept the other side's continued performance without waiving the right to sue for breach of contract." *Thompson v. Houlihan*, No. 09-C-2914, 2011 WL 833604, at *4 (N.D. Ill. Mar. 4, 2011); *see also United States v. Gillen*, No. CV B-16-24, 2016 WL 3349163, at *1 n. 1 (S.D. Tex. Apr. 29, 2016), *report and recommendation adopted*, No. CV B-16-024, 2016 WL 3349323 (S.D. Tex. June 15, 2016). Actions under § 1983 are not a "commercial transactions." *See, e.g., Bey v. Jefferson*, No. 2:17-1007-RMG-MGB, 2017 WL 9250348, at *5 (D.S.C. Apr. 24, 2017), *report and recommendation adopted*, 2017 WL 1956979 (D.S.C. May 11, 2017). There is no "commercial transaction" involved in this case and Plaintiff has alleged no facts to indicate that the UCC, including UCC 1-308, applies to this action. Thus, any claims brought under the UCC should be summarily dismissed.

E.     Claims under Criminal Statutes

Plaintiff asserts he is bringing claims under 18 U.S.C. §§ 241 (Conspiracy against rights), 242 (Deprivation of rights under color of law), 1583 (Enticement into slavery), and 1593A[5] (Benefitting financially from peonage, slavery, and trafficking in persons). However, Plaintiff has not alleged any facts to establish that these statutes create a private cause of action, and "[t]he Supreme Court historically has been loath to infer a private right of action from 'a bare criminal statute,' because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group." *Doe v. Broderick*, 225 F.3d 440, 447-48 (4th Cir. 2000) (citing *Cort v. Ash*, 422 U.S. 66, 80 (1975)); *see Gonzaga Univ. v. Doe*, 536 U.S. 273, 283

---

[5] Plaintiff wrote "18 U.S.C. Sec 1593[,]" but he appears to be referring to 18 U.S.C. § 1593A because he writes "Benefitting fina[n]cially from peonage, slavery, and trafficking a person." ECF No. 1 at 4. "Under 18 U.S.C. § 1593(a), Congress has directed this Court to "order restitution for any offense under this chapter." Restitution is not a claim for relief; it is a remedy." *Riggs v. Hull*, No. 3:13-CV-1230-CRS, 2016 WL 742923, *2 (W.D. Ky. Feb. 24, 2016)

6

(2002) (observing that enforcement of statutory violation under § 1983 requires showing that "intended to create a federal right"). Where, as here, criminal statutes bear "no indication that civil enforcement of any kind was available to anyone," a civil complaint alleging violations of such statutes cannot be sustained as a matter of law. *Cort v. Ash*, 422 U.S. at 80; *see also United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (finding that the District Court properly dismissed defendant's claim filed pursuant to 18 U.S.C. §§ 241 and 242 because he had no private right of action under either of those criminal statutes); *Rockefeller v. U.S. Ct. of Appeals Off. For Tenth Cir. Judges,* 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (collecting cases) (the plaintiff was precluded from bringing case under § 242 because there is no private cause of action under this criminal statute); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 220 (D. Conn. 2010) (no private cause of action under 18 U.S.C. § 1583); *Boeve v. Southstate Bank N.A.*, No. 8:24-CV-647-TPB-AAS, 2024 WL 3090561, at *4 (M.D. Fla. June 20, 2024) (noting that § 1583 is a criminal statute with no private right of action); *Stein v. World-Wide Plumbing Supply Inc.*, 71 F. Supp. 3d 320, 329 (E.D.N.Y. 2014) (no private cause of action under 18 U.S.C. § 1593A).

Additionally, to the extent Plaintiff may be attempting to have Defendant prosecuted under a criminal statute, individuals such as the Plaintiff here have no constitutional right to, or in fact any judicially cognizable interest in, the prosecution or non-prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (A private citizen does not have a judicially cognizable interest in the prosecution or nonprosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (applying *Linda R.S. v. Richard D.* and collecting cases); *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'").

F.  Sovereign Citizen Claims

To the extent Plaintiff may be attempting to assert claims that are based on "sovereign-citizen" type theories,[6] such claims are subject to summary dismissal as they are frivolous. *See Smalls v. Sterling*, No. 2:16-4005-RMG, 2017 WL 1957471, at *1 (D.S.C. May 11, 2017); *Gaskins v. South Carolina*, No. 2:15-CV-2589-DCN, 2015 WL 6464440, at *4 (D.S.C. Oct. 26, 2015) (collecting cases); *see also Mitchell v. Vesely*, No. 5:17-CV-325-OC-30PRL, 2017 WL 11049094, *1 (M.D. Fla. Aug. 23, 2017) ("While Plaintiff does not state that he is a 'sovereign citizen,' his arguments are similar to the 'sovereign citizen' arguments that courts have routinely rejected as frivolous."). So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). Examples of grounds claimed for this belief include: the UCC, maritime and admiralty law, the idea of strawman trusts, a "redemption theory," and Bible verses. *See, e.g., United States v. Anzaldi*, 800 F.3d 872, 875 (7th Cir. 2015) (describing the "redemption theory" as a "sovereign citizen-type view which ... holds that the federal government went bankrupt when it abandoned the gold standard in 1933 and began converting the physical bodies of its citizens into assets against which it could sell bonds. A tenet of this view is that knowledgeable citizens can redeem these assets and, through manipulating them in various imagined accounts, use them to their advantage."); *Mason v. Anderson*, No. H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016) (rejecting sovereign citizen's claim, grounded in the UCC, maritime and admiralty law, strawman trusts, and Bible verses, that he was not subject to

---

[6] Plaintiff appears to bring claims under the UCC, inserted the phrase "without prejudice U.C.C. 1-308" above his signature, and appears to claim that his detention on a criminal charge makes him "subject to perform an oral and verbal agreement that I did not enter into with my exclusive reservation of rights not to be compelled to perform." ECF No. 1 at 4, 6, 12.

the laws of the State of Texas). Sovereign citizens often attempt to use these arguments to "avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt*, 100 Fed. Cl. at 282; *see also U.S. v. Delatorre*, No. 03 CR 90, 2008 WL 312647, at *2 (N.D. Ill. 2008). Plaintiff cannot claim to be a sovereign independent of governmental authority while simultaneously asking the judicial system to grant him recourse. *See, e.g., Mason v. Anderson*, 2016 WL 4398680, at *2.

G.    State Law Claims

Plaintiff states that he brings claims under the South Carolina Tort Claims Act. However, he fails to state any federal claim, such that only the state law claims would remain, and federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." *See* 28 U.S.C. §1367; *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 387 (1998). Of course, a district court may have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of different States...". 28 U.S.C. § 1332. However, Plaintiff has not alleged complete diversity of the parties as both parties are citizens of South Carolina (ECF No. 1 at 2). *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978) (Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side).

Thus, there is no complete diversity and Plaintiff may not bring his claims pursuant to § 1332. As Plaintiff has asserted no valid federal claim and there is no diversity jurisdiction, this Court should not exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case); *Lovern v. Edwards*, 190 F.3d

9

648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

## IV. RECOMMENDATION

Based on the foregoing, it is recommended that this action be dismissed without prejudice, without leave to amend,[7] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

December 23, 2024
Charleston, South Carolina

---

[7] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).